IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARIA MILAGROS GARCIA, | § | |
| | § | |
| Defendant Below, | § | No. 40, 2026 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. S2406008187 |
| | § | |
| Appellee. | § | |

Submitted: January 26, 2026
Decided: February 20, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On January 22, 2026, the appellant, Maria Milagros Garcia, filed this appeal from a violation of probation ("VOP") sentence imposed on December 12, 2025. Under Delaware Supreme Court Rules 6(a)(iii) and 11(a), the deadline for filing an appeal was January 12, 2026. The Chief Deputy Clerk issued a notice directing Garcia to show cause why the appeal should not be dismissed as untimely filed.

(2) In response to the notice to show cause, Garcia asserts that she was released from custody in Maryland on December 29, 2025, and acted diligently and

in a good faith effort to file a timely appeal by beginning the process of registering for File&ServeXpress on January 17, 2026, "immediately after receiving the final order." Garcia therefore requests that the Court "exercise its discretion to permit [the] appeal to proceed on the merits, in the interest of justice."

(3) The Court does not have discretion to permit the appeal to proceed. This Court's appellate jurisdiction rests upon perfecting an appeal within the applicable time period.[1] Unless an appellant satisfies 10 *Del. C.* § 147(b)(1) and Rule 6(a)(iii)(C) or can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the notice of appeal must be received by the Court within the applicable time period to be effective.[2]

(4) Garcia has not satisfied Section 147(b)(1) and Rule 6(a)(iii)(C).[3] Nor do those provisions appear to apply, as Garcia indicates that she was released from custody approximately two weeks before the appeal deadline.

(5) Garcia also has not demonstrated that the untimeliness of this appeal is attributable to court-related personnel. Because the defendant is present in the courtroom when sentenced for a VOP, the time to file a VOP appeal runs from the

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] *Price v. State*, 346 A.3d 69, 2025 WL 2304986, at *1 (Del. Aug. 8, 2025) (TABLE).

[3] *See* Del. Supr. Ct. R. 6(a)(iii)(C) (providing that an appeal filed by a self-represented incarcerated person that would otherwise be untimely "shall be deemed timely filed on the date of its deposit in the institution's internal mail system" if the notice of appeal is placed in the institution's internal mail system on or before the last day for filing, the first-class postage is prepaid, and the notice of appeal is accompanied by a receipt from the institution's staff verifying the date and time the notice of appeal was placed in the institution's internal mail system).

imposition of sentence, not from the docketing or receipt of the written sentence order.[4] Additionally, the Superior Court docket reflects that Garcia received an Advice Regarding Appeal from Violation of Probation form on December 12, 2025, the day of the VOP hearing, which advised that she had thirty days from that date to file a notice of appeal in this Court. Finally, Garcia's contentions regarding File&ServeXpress are misplaced. Self-represented litigants are not required to enroll in or use the electronic filing system. And, in any event, the untimeliness of this appeal is not attributable to problems with File&ServeXpress registration, as Garcia admits that she did not even begin the process of registering until after the appeal deadline had passed. This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[4] *See id.* R. 6(a)(iii) (providing that a notice of appeal shall be filed in the Supreme Court Clerk's office "[w]ithin 30 days after a sentence is imposed in a direct appeal of a criminal conviction or a violation of probation"). *Cf. Bender v. State*, 326 A.3d 368, 2024 WL 3559753, at *3 (Del. July 29, 2024) (TABLE) ("Unlike postconviction appeals, in which the time to appeal runs from the date that the judgment or order being appealed is entered on the trial court's docket, a direct appeal of a criminal conviction must be filed within thirty days after the sentence is imposed. The distinction makes sense, as a criminal defendant is present in court when the Superior Court pronounces—that is, imposes—the sentence but typically is not present when the court decides a postconviction matter. The pronouncement of sentence in open court gives the defendant notice that the time for filing an appeal has begun to run." (footnotes omitted)).